Joseph Mandelbaum, Appellee, v. A. L. Swift, Appellant.

Gen. No. 15,056.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review where the same is clearly and manifestly against the weight of the evidence.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed April 18, 1910.

BRODE B. DAVIS, for appellant.

ALFRED E. CASE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of *assumpsit* in the Superior Court plaintiff had judgment for $350 and the defendant appealed. The evidence for the plaintiff consisted of his own testimony alone. He testified that in April, 1901, he entered into a written contract with the defendant to move for defendant certain presses from 180 Monroe street to the Springer building, 200 Clinton street, and that the said written contract was lost. He stated some of the contents of the writing, but gave no testimony tending to show the price agreed on in and by said written contract for the work. He testified that he performed the contract and also moved a printing press and certain desks and railings which were not included in the written contract; that the reasonable price for moving the desk was $40 and for the desk and railings $100. He further testified that after the work had been done he had a conversation with defendant, and that defendant agreed to give him $250 for doing the work; that the extra work was in addition to that sum; that defendant made an objection that plaintiff had not delivered all the articles he received and afterwards was willing to give plaintiff $150.

Defendant testified that in 1901 he was president of a corporation, A. L. Swift & Company; that he never entered into a contract with plaintiff and never employed him to move any thing for any person; that A. L. Swift & Co. moved from 180 Monroe to 200 Clinton in 1901, and let the contract for such moving to Gibson Brothers; that Gibson Brothers notified defendant that they had sublet the teaming part of the contract to plaintiff; that Gibson Brothers were paid for such moving less a deduction of $200 for articles taken by plaintiff's teams from 180 Monroe and not delivered at 200 Clinton street; that A. L. Swift & Co. owned all the articles so moved and that defendant did not own any of them.

Etten testified that he was at the time in question secretary and treasurer of A. L. Swift & Company; that Gibson Brothers undertook to move A. L. Swift & Company from 180 Monroe to 200 South Clinton. Hillison testified that he was superintendent of A. L. Swift & Company; that Gibson had the contract for moving A. L. Swift & Company.

The moving was done in the spring of 1901 and the suit was brought July 13, 1906.

We think that the verdict was so clearly against the weight of the evidence that the court erred in denying defendant's motion for a new trial, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*